IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:19-CR-30108-NJR-1 |
| JOSE LUIS MONDRAGON-SANCHEZ, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Jose Mondragon-Sanchez's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 155). In 2019, Mondragon-Sanchez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine. (Docs. 76, 135).

The undersigned sentenced Mondragon-Sanchez to a total of 48 months' imprisonment and two years' supervised release. (Doc. 135). Mondragon-Sanchez is now 43 years old and is scheduled to be released from the Bureau of Prisons (BOP) on January 15, 2023.[1]

Prior to the passage of the First Step Act of 2018, a defendant seeking compassionate release first had to request it from the director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act modified that provision to allow prisoners to seek compassionate release from a court on their own motion, after exhausting

---

[1] https://www.bop.gov/inmateloc/ (last visited December 15, 2022).

administrative remedies, a failure of the BOP to bring a motion on their behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the director of the BOP or by the defendant, the Court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" support release, and it has considered the appropriate sentencing factors under 18 U.S.C. § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Section 3553(a) factors when deciding compassionate release motions. *Id.* District courts may also turn to the policy statement in U.S.S.G. § 1B1.13 for guidance in exercising their discretion, though the policy is not binding on the Court unless the motion is brought by the BOP. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020)).

Here, Mondragon-Sanchez argues that two grounds warrant a reduction of his sentence. First, he cites the COVID-19 pandemic. Second, he asserts that his elderly mother, the only viable caregiver for two of his children, underwent surgery in late November, and he fears that she may not be able to continue caring for his children. Further in support of his request for compassionate release, Mondragon-Sanchez highlights that he has rehabilitated, has served a majority of his sentence, presents a low risk of recidivism, and poses no danger to the public.

In response, the Government argues that Mondragon-Sanchez has failed to

exhaust his administrative remedies, his generalized concern of COVID-19 fails as a sufficient basis for compassionate release (especially considering his fully vaccinated status), and he has not adequately demonstrated that he is the only person available to care for his children aside from his mother. Moreover, the Government states that his presentence report contradicts his assertion that his mother is the only possible caregiver for his children. The presentence report, filed in 2020, indicated that all six of his children lived with their respective mothers. (Doc. 90). Further, the Government contends that he has not provided any reason as to why his children cannot stay with their own mothers, Mondragon-Sanchez's sisters, or anyone else. Ultimately, the Government states that Mondragon-Sanchez has one month left to serve on a sentence that is already below the low-end of the advisory guideline range and presents no extraordinary or compelling reason for release.

It appears that Mondragon-Sanchez may have failed to exhaust his administrative remedies, although, in a letter to the Court dated November 7, 2022, he indicates that he attempted to seek help regarding compassionate release through his case manager and the warden who have failed to help or respond. (Doc. 154). In any event, the Court agrees with the Government that Mondragon-Sanchez's motion presents no extraordinary or compelling circumstances warranting compassionate release. The COVID-19 pandemic, on its own, is not an extraordinary or compelling reason for release, especially considering Mondragon-Sanchez has been fully vaccinated. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (the widespread availability of COVID-19 vaccines "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling'

reason for immediate release"); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (prisoners who have access to the vaccine cannot use risk of COVID-19 to obtain compassionate release). The Court is sympathetic to Mondragon-Sanchez's desire to relieve his mother of the burden of taking care of two of his children, however, he is one month away from release on a sentence that is already substantially below the guideline range and has not provided enough evidence that his mother or another relative is incapable of caring for his minor children during that time.

For these reasons, Defendant Jose Mondragon-Sanchez's Motion for Compassionate Release (Doc. 155) is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 16, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**